NOT FOR PUBLICATION                        (Civil Doc. Nos. 42, 43, 47, 59,
                                            62, 63, 65, 66, 69, 70, 72, 74)
                                          (Criminal Doc. Nos. 147, 152, 153,
                                                   155, 158, 159, 162)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Criminal No. 06-611 (RBK) |
| v. | : | |
| EDWIN PATILLO, | : | |
| Defendant. | : | |
| EDWIN L. PATILLO, | : | |
| Petitioner, | : | Civil No. 11-391 (RBK) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the motion filed by Edwin L. Patillo ("Patillo") pursuant to Fed. R. Civ. P. ("Rule") 59(e) for reconsideration of the Court's June 7, 2012, Opinion and Order denying Patillo's habeas petition under 28 U.S.C. § 2255.  (Doc. No. 42.) Also before the Court are a number of additional motions filed in this matter, as well as in Patillo's underlying criminal case, Criminal No. 06-611, in which Patillo seeks to supplement his

Rule 59(e) motion and present alternate theories of relief rooted in the same legal and factual arguments.[1]

For the reasons stated herein, Patillo's motions will be **DENIED**. [2]

### I.     BACKGROUND AND DISCUSSION OF PATILLO'S FILINGS

Patillo is a federal prisoner currently in the custody of the Federal Bureau of Prisons ("BOP").

On January 9, 2007, Patillo was charged with one count of conspiracy to distribute and to possess with intent to distribute five or more grams of crack cocaine, and three counts of distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C), and 18 U.S.C. § 2.  (See Patillo Second Superseding Indictment, Crim. No. 06–611, Doc. No. 41.)  Trial before a jury began on May 8, 2007, and resulted in Patillo's conviction on May 11, 2007.

At sentencing, Patillo chose to proceed pro se, and the Court permitted such representation after engaging in colloquy with him.  United States v. Patillo, 403 F. App'x. 761, 764 (3d Cir. 2010).  The Court did, however, retain Patillo's trial counsel on "standby" during the sentencing proceedings.  Id.  Patillo's guideline sentence range was 360 to 1,440 months of imprisonment, with a statutory maximum sentence of 40 years for counts one and two, and 20 years for counts three and four.  Id.  Finding Patillo's offense level to be 38, and his criminal

---

[1] The Court notes that although it considered each and every argument advanced in later-filed motions that Patillo intended to supplement his Rule 59(e) motion, it will deny these motions for ease of administration and analyze Patillo's Rule 59(e) motion against the backdrop of the arguments and evidentiary support set forth in these later filings.

[2] Six of the seven motions filed in Patillo's underlying criminal case, Criminal No. 06-611, are duplicates of motions filed in Patillo's civil case, Civil No. 11-391.  (Compare Crim. Nos. 152, 153, 155, 158, 159, 162, with, Civil Nos. 56, 63 66 70 72 74.)  Although Patillo's motion requesting that the Court take judicial notice of certain "adjudicative fact[s] referencing Freebase Cocaine," (Crim. Doc. No. 147), was not filed in his civil case, it touches on issues that were raised in his civil filings.  Accordingly, the Court will deny all motions filed in Patillo's underlying criminal case.

history category to be V, the Court sentenced him to 360 months of imprisonment for counts one and two, and 240 months for counts three and four, all to be served concurrently.  Id.

On January 21, 2011, Patillo filed a petition seeking habeas relief under 28 U.S.C. §2255. After making numerous supplemental filings, including an amended petition, Patillo sought relief on the following grounds:  (1) whether trial counsel rendered ineffective assistance; (2) whether [his] sentence was excessive; (3) whether the District Court abused its discretion by admitting a photograph; and (4) whether appellate counsel rendered ineffective assistance.  The Court denied Patillo's petition in an Opinion and Order dated June 7, 2012.  (Doc. Nos. 40-41.)

On June 15, 2012, Patillo filed his motion for reconsideration under Rules 59(e) and 60(b)(4) arguing that his sentence was improper because he was sentenced under enhanced penalties for crack cocaine even though certain trial testimony and documentary evidence "confirmed that the drugs in question [were] 'freebase' cocaine, not crack."  (Doc. No. 42 p. ii (emphasis in original).)  As Patillo believes that the Court lacked jurisdiction or authority to impose such a sentence, he asks that the Court amend, alter, or void its judgment.  (Id.)  Notably, this precise issue was not raised in Patillo's habeas petition, and thus was not considered by the Court in its June 7 Opinion.[3]

On July 18, 2012, Patillo filed a letter seeking to "amend" his motion pursuant to Rule 59(e) and "exclude" his motion pursuant to Rule 60(b)(4).  Specifically, Patillo sought to add "two substantial questions" to his Rule 59(e) motion:

> (1) Whether Petitioner's equal protection and due process rights were violated by the district court's failure to apply controlling law and precedent to petitioner's case

---

[3] Patillo's habeas petition and supplemental motions sought to "disqualify [his] two . . . state convictions as enhancements," argued that his sentence was erroneously enhanced for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, and his sentence was improper because the Court "did not properly utilize the § 3553(a) factors when imposing [his] sentence."  (Doc. No. 3 p. 4.)  Patillo argued further that the Court should have considered that "the defendant had no father in the household," that he "suffered physical abuse by his mother" who had alcohol problems, and that he "was placed in numerous foster homes at an early age."  Patillo v. United States, No. 11-391, 2012 WL 2087450, at *5-6 (D.N.J. June 7, 2012).

  referencing "freebase" cocaine signed into law under the Anti-Drug Abuse Act of 1986; and

  (2) Whether Petitioner's procedural and constitutional rights were violated by the district court's failure to address and overlooked procedural standards of § 2255 and Constitutional standards of the "ADAA"

(Doc. No. 43.) Patillo sent a follow up letter alerting the Court that it was his intent that the July 18, 2012, letter be considered a motion; it was docketed accordingly.[4]

More motions and letters followed which sought status updates as to the Rule 59(e) motion, requested and moved for an adjudication of the Rule 59(e) motion, and moved for the appointment of pro bono counsel to be present for the "upcoming" motion hearing in connection with his Rule 59(e) motion. (Doc. Nos. 59, 60, 61, 62.)[5]

On July 11, 2013, Patillo filed a "motion to exclude four level enhancement for obstruction of justice and manager role not found by the jury." (Doc. No. 63.) In this motion, Patillo argued that per the Supreme Court's decision in Alleyne v. United States, 133 S. Ct.

---

[4] Concerned that his July 18, 2012, letter would not be construed as a motion, Petitioner filed another motion on August 8, 2012, restating the contents of his earlier filing. (See Doc. No. 47.) Letters that followed sought to further alert the Court to the pending motions, as well as provide supporting documentation. On August 13, 2012, the Court received a letter attaching Government Exhibit 103 (July 24, 2003, Drug Evidence Laboratory No. N0132003005095) and Government Exhibit 104 (July 30, 2003, Drug Evidence Laboratory No. N0132003005096). (Doc. No. 48; see also Doc. No. 49 (additional letter referencing submitted exhibits).) Patillo's letter to the Court dated March 14, 2013, (Doc. No. 55), attached documents for the Court's consideration that included: (1) printouts from the Drug Enforcement Administration's Office of Diversion Control's website that listed Schedule II Controlled Substances pursuant to 21 C.F.R. §§ 1308 et seq.; (2) printouts from the Texas State Board of Pharmacy website discussing "Controlled Drugs"; (3) a document that seems to be an overview of Chemistry and its role in the analysis of items of evidence for the presence or absence of Controlled Substances, or drugs; (4) excerpts from reports and documents purportedly created by the United States Sentencing Commission discussing inter alia, freebase cocaine and crack cocaine, state cocaine sentencing policies, sentencing of federal cocaine offenders, and cocaine, its forms, methods of use, and pharmacology; and (5) a printout from the Congress.gov website showing the overview of Senate Bill S.1789, otherwise known as the Fair Sentencing Act of 2010. (Id.) In letters to the Court docketed April 22 and 29, 2013, Patillo further supplemented his pending motions with printouts setting forth the bill summary for H.R. 5394, otherwise known as the Narcotics Penalties and Enforcement Act of 1986. (Doc. Nos. 57-58.) Patillo contends that this bill summary supports his claims because it shows that this bill "was never enacted into positive controlling law, therefore [it is] unequivocal and convincing evidence [which] supports [his] claim that he should not have been sentenced under enhanced penalties for crack cocaine." (Id.)

[5] The Court notes that no motion hearing was scheduled in this matter. See L. Civ. R. 78.1 ("All motions and other applications will be decided on the papers submitted unless: (1) a party requests oral argument and the request is granted by the Judge or Magistrate Judge; or (2) the Court, sua sponte, directs that oral argument be held.").

2151, 2155 (2013), the jury, and not the Court, was required to review all facts and find beyond a reasonable doubt that the enhancements applied to Patillo's sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and an aggravating role pursuant to U.S.S.G. § 3B1.1(c), along with his base offense level of 36 due to his accountability for the distribution of 1,000 net grams of cocaine base, were proper.[6] (Doc. No. 63.)[7]

In sum, although Patillo has filed a number of motions that are stylistically different, they all seek to reduce Patillo's sentence due to supposed Court errors and what he believes to be an intervening change in controlling law.

## II. DISCUSSION

A petitioner may file a timely motion under Rule 59(e) to amend or alter a judgment on his motion under 28 U.S.C. § 2255. Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

Per the Third Circuit, the scope of a motion for reconsideration is "extremely limited," i.e., they "are not to be used as an opportunity to relitigate the case." Id. (citing Howard Hess

---

[6] In this vein, he further notes that although the Verdict Sheet read "5 grams or more of crack cocaine," the drugs at issue in this case were not crack cocaine, and the jury never heard or considered any additional drugs outside of the Verdict Sheet. Additionally, Patillo's stand by counsel, Mr. Shapiro, objected to the Presentence Investigation Report ("PSR") arguing that Patillo should only have been held accountable for the relatively small amounts of crack distributions found by the jury to have occurred on July 24, 2003, July 30, 2003, and September 25, 2003. (See PSR p. 40.) Based on these "facts," Patillo contends that he should be "resentenced at an offense level of 12, category IV," which would result in "a sentence of 21 to 27 months imprisonment." (Doc. No. 63.)

[7] Several days later, Patillo filed another motion that he captioned as "Motion to Admit United States Sentencing Commission's Interpretation that Freebase Cocaine is not Crack Cocaine and is to be treated as Cocaine Under Sentencing Guidelines," which sought leave to supplement the Rule 59(e) motion. (Doc. No. 65.) Another motion filed on July 26, 2013, sought to further supplement the Rule 59(e) motion by adding the argument that his sentence was imposed in violation of his civil rights because he is entitled to personal liberty under the Thirteenth and Fourteenth Amendments to the U.S. Constitution. (Doc. No. 66.) On January 27, 2014, Patillo filed a motion requesting that this Court admit certain facts in support of Patillo's Rule 59(e) motion pursuant to Rule 36(a)(1). (Doc. No. 70.). For example, Patillo asked the Court to admit that "Petitioner was charged in a second superseding indictment with §841(b)(1)(B)(iii) 5 grams or more of Crack Cocaine." (Id.) The Court notes that Rule 36 is a discovery tool used in civil cases and directed toward parties, not the Court.

Additional motions sought to have the Court acknowledge its "Sixth Amendment Violation" based on its alleged failure to have the jury consider "the 1000 grams of cocaine base" attributed to Patillo, as well as the findings supporting the two two-level sentencing enhancements for "Obstruction of Justice and Leadership/Manager/role," (Doc. No. 71), and issue an "Order for Ad Presequendum [sic]," (Civil Doc. No. 72). Another motion sought an order granting "Judicial Notice of adjudicative facts" pertaining to letters sent by Harvey R. Meltzer to the Clerk of Court, who represented Patillo on direct appeal. (Doc. No. 74.)

5

Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010)). "Accordingly, a judgment may be altered or amended only if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation and internal quotation marks and alteration omitted); see also L. Civ. R. 7.1(i) ("A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.").

For reconsideration purposes, "new evidence . . . does not refer to evidence that a party submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." Blystone, 664 F.3d at 415-16 (citation and internal alterations and quotation marks omitted). "Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." Id. at 416 (citation omitted).

In evaluating all of Patillo's motions and various letters to the Court, he essentially advances two grounds for reconsideration: (1) the Court's imposition of a sentence under the Sentencing Guidelines for offenses involving cocaine base, as opposed to freebase cocaine, was in error; and (2) Patillo's total offense level of 38 should be reduced because it was based on judicial, rather than jury, factfinding in violation of the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) ("[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to a jury and found beyond a reasonable doubt").

    A. Patillo's First Argument

6

Patillo argues that the Court made a clear error of law when it ignored evidence relating to the identity of drugs in this case and denied his § 2255 petition. Essentially, Patillo argues that the Court sentenced him for crack cocaine when existing records, exhibits, and testimony from the government's own chemist revealed that the drugs at issue were freebase cocaine. In support of this argument, Patillo points to the trial testimony of Ms. Carisa Wilcox, a Forensic Scientist with the New Jersey State Police, as well as laboratory reports admitted into evidence during trial that set forth Ms. Wilcox's chemical analysis of certain drug evidence seized in this case. (See Crim. Doc. No. 86, May 9, 2007, Trial Tr. ("May 9 Trial Tr.") 39:1-42:18; see also Civil Doc. No. 60 (attaching Government Exhibits 103A, 104A, which are laboratory reports indicating that certain evidence analyzed was "Cocaine Free base").) The Court finds that this argument fails to implicate any of the three grounds necessary in order to alter or amend the Court's judgment under Rule 59(e).

First, the evidence identified was at Patillo's disposal throughout his trial and appeal, and thus is not "new" evidence as contemplated by the Third Circuit in Blystone. Accordingly, reconsideration is inappropriate on this ground. See Blystone, 664 F.3d at 415-16 (affirming the district court's order denying petitioner's Rule 59(e) motion where the district court found that the evidence submitted in support of the motion was not newly discovered, since petitioner had possession of it many months before the district court denied habeas relief); see also Howard v. United States, 533 F.3d 472, 474 (6th Cir. 2008) (explaining that in the context of a habeas action "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment").

Second, Patillo does not argue that there has been an intervening change in the controlling law as to this issue such that reconsideration is proper. Thus, he fails to establish that he is entitled to reconsideration on this ground.

Third, there is no need to correct a clear error of law or fact, or to prevent manifest injustice. Although Patillo latches on to certain testimony and documentary evidence that he believes supports reconsideration, there is an abundance of evidence in the record that specifically identifies the drugs purchased from Patillo during numerous undercover operations as "cocaine base" or "crack cocaine." (See, e.g. May 9 Trial Tr. 11:18-15:11) (testimony of DEA Senior Forensic Chemist Christine Eleftheriou indicating that drug exhibits admitted into evidence as Government Exhibits 1 and 2 contained 2.1 and 9.4 grams, respectively, of cocaine base); May 8, 2007, Trial Tr. 63:1-16 (testimony of Martha Walker, cooperating witness, indicating that Patillo supplied her with "crack cocaine" to deal and that she only ever dealt "crack" for him); id. 110:18-128:17 (testimony of DEA Special Agent Daniel Brown indicating that he has conducted well over a hundred investigations regarding trafficking in cocaine base, can distinguish between cocaine and powder form and cocaine in its base form, i.e., crack cocaine, and that that drug purchases made from Patillo on September 25, 2003, appeared to be in crack cocaine form); id. 141:3-21 (testimony of DEA Agent Brown discussing a call with Martha Walker and indicating that the "something" he identified on the call as being "good shit" was the "crack" that was previously purchased through Walker and Patillo).) Indeed, neither Patillo, nor his attorney, objected to this evidence at trial, in the course of evaluating the PSR,[8]

---

[8] Notably, the offense conduct set forth in the PSR identifies the drugs at issue as cocaine base and crack cocaine. (PSR ¶¶ 10-89.) Additionally, as to drugs, Patillo only objected to the government's position that he was responsible for distributing approximately 1,000 net grams of cocaine base. In his view, he should only have been held accountable for sentencing purposes for the relatively small amounts of the distributions found by the jury to have occurred on July 24 2003 July 30 2003 and Sept 25 2003, thus reducing his base offense level from 36 to 26 pursuant to USSG § 2D1.1(c)(7). (See PSR p. 40.)

during sentencing,[9] or on appeal. See United States v. Stafford, 258 F.3d 465, 471-73 (6th Cir. 2001) (evaluating defendant's argument that the Government failed to meet its "burden of showing that the substance identified in a laboratory report as 'cocaine freebase' was, in fact, 'cocaine base' or 'crack' within the meaning of U.S.S.G. § 2D1.1(c), as necessary to justify [defendant's] 188–month sentence," and holding that the district court did not commit "any sort of error, plain or otherwise" because accepting defendant's argument would have required the court to "disregard the instances in which the substance at issue was expressly characterized as "crack" in the proceedings below, and the consistent failure of [d]efendant or his counsel to raise any sort of objection to this terminology.")

Not only does the weight of evidence in this case support Patillo's sentence, the evidence Patillo relies upon in his Rule 59(e) motion, and subsequent amendments, does not withstand scrutiny. For example, the laboratory reports Patillo identifies specifically state that the samples tested by Ms. Wilcox contain sodium bicarbonate; per the Sentencing Guidelines, sodium bicarbonate is a chemical compound used in conjunction with cocaine hydrochloride in manufacturing crack. See U.S.S.G. § 2D1.1(c) note (D); see also United States v. Waters, 313 F.3d 151, 155 (3d Cir. 2002) ("the Sentencing Guidelines define crack as 'usually containing sodium bicarbonate'"). Ms. Wilcox also testified that there was no chemical distinction between cocaine free base and cocaine base. (May 9 Trial Tr. 38:16-25.)

---

[9] The Court does note, however, that during Patillo's sentencing hearing, he argued that there was a government report—the Court assumes he was referring to Ms. Wilcox's report—that indicated that the identity of certain drugs seized was cocaine base. (August 14, 2008, Sentencing Hr'g Tr. 29:11-31:15.) Although the Court responded that Patillo was prosecuted for having a certain amount of cocaine base and that was the information on this report, Patillo responded, "that's not crack cocaine, Judge. Crack cocaine is – I mean, all crack cocaine is cocaine base but all cocaine base is not crack." (Id.) He then stated that what enhances sentences is whether or not the subject is cocaine base or crack cocaine. As discussed infra, however, the Sentencing Guidelines specifically define cocaine base to include "crack."

9

Accordingly, Patillo has failed to show that reconsideration is necessary in order to correct a clear error of law or fact, or to prevent manifest injustice.  Thus, reconsideration is inappropriate on this ground.

    B.  Patillo's Second Argument

Patillo's argument that his sentence is invalid in light of Alleyne also fails.

As recently clarified by the Third Circuit, Alleyne does not apply retroactively to cases on collateral review, and thus does not apply here.  United States v. Reyes, No. 13-3537, 2014 WL 2747216, at *1-2 (3d Cir. June 18, 2014) (affirming District Court decision denying petition for writ of habeas corpus "because the Supreme Court has not chosen to apply Alleyne's new rule retroactively to cases on collateral review").

Even if Alleyne did apply, it would not alter or invalidate Patillo's sentence.  Simply, the Court's decision to apply the two two-level enhancements under U.S.S.G. §§ 3C1.1 and 3B1.1(c), as well as the Court's calculation of a base offense level that took into account Patillo's distribution of 1,000 net grams of cocaine base, did not trigger a mandatory minimum punishment or alter a statutory maximum such that jury factfinding was required.  See 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (2008) (providing a statutory maximum sentence of 40 years for each of the first two counts against Patillo, as well as a mandatory term of imprisonment of at least five years); Patillo, 403 F. App'x. 761, 764 (3d Cir. 2010) (noting that Patillo did not receive a sentence that exceeded the statutory maximum).

As the Court's challenged actions had no effect whatsoever upon the range of penalties provided by law—indeed, Patillo's sentence of 360 months was well within the statutory range—Patillo has failed to establish the need to correct a clear error of law, or that there has been an intervening change in the controlling law such that reconsideration here.  See United States v.

Doe, 741 F.3d 217, 233-34 (1st Cir. 2013) ("it remains within the sentencing court's discretion to judicially find facts informing the sentence actually imposed, provided that any such fact does not trigger a mandatory minimum punishment or alter a statutory maximum, and that the ultimate sentence remains within the range of penalties set forth in the statute of conviction").

IV.     CONCLUSION

        For the foregoing reasons, Patillo's motions will be DENIED.  An appropriate Order will issue today.


Dated: 7/28/2014                                                               s/ Robert B. Kugler
                                                                                            ROBERT B. KUGLER
                                                                                             United States District Judge